Giefen, .T.
This case was submitted upon a motion to dismiss the appeal in an application for a writ of habeas corpus. If the proceeding is a civil action, then under section 5226, Revised Statutes, it is appealable. Section 4971, Revised Statutes, provides that “there shall be but one form of action, whioh shall be known as a civil aotion.”
Our statutes do not define an action or a civil proceeding. In the case of Missionary Society v. Ely et al., 56 Ohio St., 405, at 407, it is said: “But we suppose that any ordinary pro-ceedings in a court of justice, by which a party prosecutes another for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense, involving the process and pleadings, and ending in a judgment, is an action, while every proceeding other than an action, where a remedy is sought by an original application to a court for a judgment or order, is a special proceeding.”
To obtain a writ of habeas corpus a party does not proseoüte another, but makes an original application to a court for the enforcement of a right. The only pleading provided for is a petition, although the return of the writ is treated as an answer. The only prooess-is the writ itself, no summons being required under chapter eight, division seven, whereas “a civil action must be commenced by filing in the offioe of the clerk of the proper court a peti *545 tion, and oansing a summons to be issued thereon.” Section 5035, Revised Statutes.
Follett, Kelley & Follett, for the motion. N
H. R. Probasco, contra.
These special provisions as to service and pleadings show an intention to distinguish the remedy by writ of habeas corpus from a civil action, and this is made more manifest by section 4956, Revised Statutes, which provides that—
‘‘Where in part three of this revision speoial provision is made as to service, pleadings, competency of witnesses, or in any other respect inconsistent with the general provision in this title, the speoial provision shall govern, unless it appears that he provisions are cumulative.”
Our supreme court has deeided in the case of Henderson v. James, Warden (52 Ohio St., 242), that “a final order of discharge in habeas corpus may be reviewed and reversed on error by a higher court,” and that the proceeding‘‘is essentially a civil and not a criminal proceeding, ” but has nowhere determined that it is a civil action.
Our conclusion is, for the reasons above stated, that it is not a civil action, and appeal will not lie.
Motion sustained.